## Commonwealth v. Densten, Appellant.

*Physicians—Registration—License—Constitutional law—Police power—Act of May* 18, 1893, *P. L.* 94.

Registration as a physician after March 1, 1894, is outside of the limitations of the Act of May 18, 1893, P. L. 94, and is useless as a defense to an indictment for practicing medicine without a license.

The Act of May 18, 1893, P. L. 94, providing for the licensing of physicians and surgeons is a proper exercise of the police power of the state, and does not violate either the federal or state constitution.

Submitted Oct. 23, 1905.    Appeal, No. 37, Jan. T., 1906, by defendant, from judgment of Q. S. Lackawanna Co., Oct. T., 1904, No. 947, on verdict of guilty in case of Commonwealth v. Joseph C. Densten.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Indictment for practicing medicine without a license.    Before KELLY, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were in refusing to quash the indictment or arrest the judgment, and in directing a verdict of guilty.

*James Mahon*, for appellant.

*Wm. R. Lewis*, district attorney, and *W. S. Diehl*, for appellee.

OPINION BY ORLADY, J., March 12, 1906:

The defendant was tried and convicted of " entering upon the practice of medicine and surgery and practice of the same without having obtained from the medical council of Pennsylvania a license to practice medicine and surgery," in violation of the requirements of the Act of May 18, 1893, P. L. 94.

The facts were undisputed and the court assumed the duty of instructing the jury, that the defendant should be found guilty on the second count in the indictment, and not guilty on the first and third ones.    The whole question was reviewed

on a motion in arrest of judgment, which was refused, and on a rule for a new trial which was discharged. The defendant admitted that he had engaged in the practice of medicine as charged, and did not pretend to have ever obtained any certificate or license to do so from the state authorities; his sole defense being that he was within the exceptions, enumerated in the act of 1893, in that he had registered under the provisions of the act of June 8, 1881, at Montrose, Susquehanna county, Pa., on September 24, 1897, and, that he had been continuously practicing medicine since 1869, under a certificate of sufficiency given to him by his preceptor, which qualified him under the law as it was then declared, to engage in the practice of that profession. It was contended, that being thus qualified the subsequent legislation on the subject by Acts of March 24, 1877, P. L. 42; the registration Act of June 8, 1881, P. L. 72, and the registration and license or certificate provisions of the act of 1893 did not apply to him.

The registration in Susquehanna county in 1897 was of no avail, inasmuch as the act of 1893, specially provides in the 15th section, that such registration under the act of 1881 to be a sufficient warrant to practice medicine and surgery shall be made prior to March 1, 1894. Registration after that date was outside the limitation of the act and was fruitless as a defense. The propriety as well as the necessity for such restrictive legislation has been fully considered by our courts. In regard to this particular act in In re Registration of Campbell, 197 Pa. 581, it is said " the Act of May 18, 1893, P. L. 94 is a valid and constitutional exercise of the police power of the state upon a subject plainly within that power, and urgently in need of control by it. So far as any federal question is supposed to be involved it is set at rest by Dent v. West Virginia, 129 U. S. 114 (9 Sup. Ct. Repr. 231), in which the supreme court of the United States pronounced an almost identical statute of West Virginia to be free from repugnancy to the constitution of the United States or the fourteenth amendment. In regard to the questions raised under the constitution of Pennsylvania, it would be sufficient to refer to Com. v. Finn, 11 Pa. Superior Ct. 620." The present chief justice reviews the previous legislation on the subject and conclusively settles the necessity for a proper registration by all who ask the protection of our laws

in the practice of medicine and surgery in this state; see also Com. v. Campbell, 22 Pa. Superior Ct. 98 ; State v. Currans, 111 Wis. 431, s. c., 56 L. R. A. 252 (87 N. W. Repr. 561). Not having complied with the requirements of any of our laws regulating the practice of medicine and surgery, there can be no question of his being guilty on the second count in manner and form as he was indicted.

The judgment is affirmed.