# Commonwealth *v*. Densten, Appellant.

*Physicians—Registration—License—Constitutional law—Police power —Act of May* 18, 1893, *P. L.* 94.

Registration as a physician after March 1, 1894, under the Act of June 8, 1881, P. L. 72, is outside of the limitations of the Act of May 18, 1893, P. L. 94, and is useless as a defense to an indictment for practicing medicine without a license.

The Act of May 18, 1893, P. L. 94, providing for the licensing of a physician and surgeon is a proper exercise of the police power of the state, and does not violate either the federal or state constitutions.

Argued Feb. 25, 1907.    Appeal, No. 154, Jan. T., 1906, by defendant, from judgment of Superior Ct. Jan. T., 1906, No. 38, affirming judgment of Q. S. Lackawanna Co., Oct. T., 1904, No. 947, on verdict of guilty in case of Commonwealth v. Joseph Cooper Denston. Before Fell, Brown, Mestrezat, Potter and Stewart, JJ. Affirmed.

Appeal from Superior Court.

Orlady, J., delivered the following opinion:

The defendant was tried and convicted of " entering upon the practice of medicine and surgery and practice of the same without having obtained from the medical council of Pennsylvania a license to practice medicine and surgery," in violation of the requirements of the Act of May 18, 1893, P. L. 94.

The facts were undisputed and the court assumed the duty of instructing the jury that the defendant should be found

guilty on the second count in the indictment and not guilty on the first and third ones. The whole question was reviewed on a motion in arrest of judgment, which was refused, and on a rule for a new trial, which was discharged. The defendant admitted that he was engaged in the practice of medicine, as charged, and did not pretend to have ever obtained any certificate or license to do so from the state authorities; his sole defense being that he was within the exceptions enumerated in the act of 1893, in that he had registered under the provisions of the act of June 8, 1881, at Montrose, Susquehanna county, Pennsylvania, on September 24, 1897, and that he had been continuously practicing medicine since 1869, under a certificate of sufficiency given to him by his preceptor which qualified him, under the law as it was then declared, to engage in the practice of that profession. It was contended that being thus qualified the subsequent legislation on the subject by Acts of March 24, 1877, P. L. 42, the registration Act of June 8, 1881, P. L. 72, and the registration and license or certificate provisions of the act of 1893, did not apply to him.

The registration in Susquehanna county in 1897 was of no avail, inasmuch as the act of 1893 specially provides in the 15th section that such registration under the acts of 1881 to be a sufficient warrant to practice medicine and surgery shall be made prior to March 1, 1894. Registration after that date was outside the limitation of the act, and was fruitless as a defense. The propriety as well as the necessity for such restrictive legislation has been fully considered by our courts. In regard to this particular act, In re Registration of Campbell, 197 Pa. 581 it is said, " the Act of May 18, 1893, P. L. 94, is a valid and constitutional exercise of the police power of the state upon a subject plainly within that power and urgently in need of control by it. So far as any federal question is supposed to be involved it is set at rest by Dent v. West Virginia, 129 U. S. 114 (9 Sup. Ct. Repr. 231), in which the supreme court of the United States pronounced an almost identical statute of West Virginia to be free from repugnancy to the constitution of the United States or the fourteenth amendment. In regard to the questions raised under the constitution of Pennsylvania, it would be sufficient to refer to Com. v. Finn, 11 Pa. Superior Ct. 620. The present chief justice reviews the previous legis-

lation on the subject and conclusively settles the necessity for a proper registration by all who ask the protection of our laws in the practice of medicine and surgery in this state.    See also Com. v. Campbell, 22 Pa. Superior Ct. 98; State v. Currens, 111 Wis. 431 (87 N. W. Repr. 561); s. c., 56 L. R. A. 252.    Not having complied with the requirements of any of our laws regulating the practice of medicine and surgery, there can be no question of his being guilty on the second count in manner and form as he was indicted.

The judgment is affirmed.

*Error assigned* was the judgment of the Superior Court.

*A. A. Vosburg*, with him *Charles W. Dawson* and *James Mahon*, for appellant.

*Joseph O'Brien*, district attorney, with him *W. S. Diehl*, for appellee.

PER CURIAM, April 1, 1907 :

This judgment is affirmed on the opinion of the Superior Court.