KERBS *v.* STATE VETERINARY BOARD.

PHYSICIANS AND SURGEONS—VETERINARY SURGEONS—REGISTRA-
TION—STATUTE—CONSTRUCTION.

> Act No. 244, Pub. Acts 1907, in effect June 27, 1907, requiring
> persons desiring registration as existing practitioners of vet-
> erinary medicine to apply before January 1, 1908, is not
> merely directory as to the time of applying, but is manda-
> tory, since the general purpose of the act would in any event
> require such practitioners to apply within a reasonable time
> after the act took effect, and the legislature has determined
> what is a reasonable time.

Mandamus by Leo W. Kerbs to compel the State vet-
erinary board to register relator under the provisions of
Act No. 244, Pub. Acts 1907. Submitted October 6,
1908. (Calendar No. 23,046.) Writ denied November
2, 1908.

*Cady & Crandall,* for relator.

*John E. Bird,* Attorney General (*Arthur P. Hicks,*
of counsel), for respondent.

OSTRANDER, J.   In 1899 the legislature passed an act:

"To protect the professional title and degrees of vet-
erinary surgeon, doctor of veterinary medicine and sur-
gery, and veterinarian, and their abbreviations, and to
restrict the use of such titles and their abbreviations to
regular graduates of recognized colleges or schools of
veterinary medicine and surgery and those having passed
a satisfactory examination before a State veterinary board;
to create a State veterinary board for registration of vet-
erinary surgeons, doctors of veterinary medicine and
surgery, and veterinarians." Act No. 191, Pub. Acts
1899.

In 1907 it passed an act:

"To protect the title and to regulate the practice of

veterinary medicine and surgery in all its various branches in the State of Michigan; providing for a State veterinary board and prescribing its duties; regulating existing practitioners; governing undergraduates and reciprocity with other States and provinces; prescribing penalties for its violation and repealing all inconsistent acts." Act No. 244, Pub. Acts 1907.

The act was approved June 27, 1907, and took immediate effect.

It is provided in section 5 of the act last referred to:

"From and after January first, nineteen hundred eight, it shall be unlawful for any person to practice or attempt to practice veterinary medicine or surgery in any of its various branches, unless he shall be duly registered by the State veterinary board. No person shall be registered by the State veterinary board as a veterinarian or veterinary surgeon, until he shall have furnished satisfactory proof of his identity and that he is the lawful and regular possessor of a diploma from a regular veterinary college or veterinary department of a State institution of learning or college of medicine having a curriculum of at least three sessions of six months each, and requiring personal attendance of its pupils, and that said diploma was issued by such school or college direct to him: *Provided,* That the provisions of this section shall not be applicable to those persons who are duly registered veterinary surgeons at the time this act takes effect."

And in section 4:

"Any person who has practiced veterinary medicine or surgery in their various branches in this State for five years prior to the passage of this act shall be eligible to become registered as an existing practitioner, and entitled to receive a certificate of registration from the State board as such: *Provided,* That any such person shall, on or before the first day of January, nineteen hundred eight, file with the secretary of State veterinary board an affidavit, showing that he has been continuously so engaged and shall also present letters of recommendation from ten reputable freeholders and stock raisers of this State, who shall have employed him, showing him to be qualified to practice veterinary medicine or surgery as above set forth. All those registered under this clause shall not be entitled

to use any college degree or any abbreviation thereof. All veterinarians now registered under authority of act one hundred ninety-one of public acts of eighteen hundred ninety-nine, or entitled to be registered under said act, when registered, shall be recognized· and known as the regular veterinarians. It shall be unlawful for any person except a regular veterinarian under the provisions of this act, to use any college degree, or their abbreviations in connection with his name, or profession which might lead the public to believe that he has had a college course of veterinary training: *Provided*, That nothing in this act shall prevent any person from treating his own animal or assisting his neighbor.''

Relator on May 26, 1908, applied to the State veterinary board to be registered, basing his right to registration upon his affidavit and upon recommendatory letters from freeholders. He sets out in his petition that he has been in the continuous practice of veterinary medicine and surgery for the last 12 years, and in his affidavit filed with respondent board says he had so practiced in this State continuously for five years prior to the passage of the act of 1907. Registration was refused upon the ground that the application therefor should have been made on or before January 1, 1908.

The law of 1899 (section 5) forbade any person not having the certificate of the State board, and also of the county clerk,—

''To use or append to his name the term 'Veterinary Surgeon,' 'Doctor of Veterinary Medicine and Surgery,' or 'Veterinarian,' or any title, name, abbreviation, degree or description implying or calculated to lead people to infer that he is a regular registered practitioner under this act.''

It did not forbid others to practice. It provided for the registration and the issuing of certificates to graduates of regular veterinary colleges and schools, and also for an examination of those not graduates by the State board upon subjects designated, such persons being entitled, after satisfactory examination, to a certificate and to registration as veterinary surgeons, doctors of veterinary

medicine and surgery, or veterinarians. The evident legislative purpose is (1) to forbid the practice of veterinary medicine or surgery after January 1, 1908, by unregistered persons; (2) to restrict registration to (*a*) those registered under authority of the act of 1899 and those entitled to be registered under that act, (*b*) to those who, like relator, claim the right under the provisions of section 4 of the act of 1907, and apply for registration on or before January 1, 1908, (*c*) to graduates of regular veterinary colleges; (3) to fix a time within which existing practitioners might be registered as such. Relator could in no event be registered as a regular veterinarian, but only as an existing practitioner. His contention is that having been eligible at the time the act went into effect to become registered as an existing practitioner, and entitled to receive the certificate of the respondent board as such, the provision fixing the time for making his application for registration must be held to be directory merely. The requirement of status, viz., five years' continuous practice prior to the passage of the act, is not merely directory, nor the provision for evidence of such status. The general purpose of the act and the particular provisions referred to would in any event require one like relator to apply for registration within a reasonable time after the law became operative. The legislature has determined what is a reasonable time.

The writ is denied.

GRANT, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.