## Commonwealth *v.* Palmer, Appellant.

*Veterinary medicine—Illegal practice of—Act of May 5, 1915, P. L. 248.*

A person may be convicted of practicing veterinary medicine without a license who holds himself out as a "horse dentist" and advertises himself as a "doctor" at stables where horses are kept.

Argued Nov. 14, 1918. Appeal, No. 98, April T., 1919, by defendant, from judgment of Q. S. Allegheny Co., May Sess., 1917, No. 327, on verdict of guilty in case of Commonwealth v. S. M. Palmer. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for practicing medicine without a license in violation of the Act of May 5, 1915, P. L. 248.

The indictment charged that the defendant "unlawfully did then and there practice veterinary medicine, and assume the use and title of veterinarian and the title of doctor of veterinary medicine, without having first complied with the provisions of an Act of the General Assembly of the Commonwealth of Pennsylvania entitled 'An Act Regulating the practice of veterinary medicine, including veterinary surgery and veterinary dentistry, and any branch thereof,' et cetera, approved the fifth day of May, in the year of our Lord one thousand nine hundred and fifteen, Pamphlet Laws, page 248, contrary to the form of an act of the general assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The evidence supported the averments of the indictment.

Verdict of guilty upon which the defendant was sentenced to pay a fine of $100 and costs of prosecution.

*Errors assigned* were various rulings and instructions and in entering judgment on verdict.

*Alfred M. Lee,* for appellant.—The act is unconstitutional: Shonk v. Brown, 61 Pa. 320; Alter's App., 67 Pa. 341; Western Mass. Ins. v. Girard, 6 Pa. Superior Ct. 288; Keene's App., 64 Pa. 268; Craig v. Kline, 65 Pa. 399; Commonwealth v. Brown, 8 Pa. Superior Ct. 339.

The defendant was not engaged in practicing veterinary medicine in violation of the Act of May 5, 1915, P. L. 248.

*Joseph L. Kun,* Deputy Attorney General, and with him *Francis Shunk Brown,* Attorney General; *Harry H. Rowand,* District Attorney, and *R. H. Gibson,* First Asst. District Attorney, for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The defendant was convicted of violating the provisions of the Act of May 5, 1915, P. L. 248, entitled "An Act regulating the practice of veterinary medicine, including surgery and veterinary dentistry, or any branch thereof, etc." Many questions are raised by the assignments of error that are not material. The defendant admitted that his occupation is a "horse dentist," and that he holds himself out as such, and which he has been following for over twenty years under the use of that term. He advertises his business at stables where horses are kept, by his card—Dr. S. Melvin Palmer. His practice is limited to the care of horses' teeth, and while his treatment is extremely primitive, it clearly comes within the prohibition of the Act of Assembly of May 5, 1915, P. L. 248, which is an elaborate and careful review of earlier legislation relating to the same subject, and is a valid exercise of the police power, not in conflict with any constitutional provision, federal or State. The subject has been so frequently and thoroughly considered that it is not necessary to again review it: Com. v. Byrd, 64 Pa. Superior Ct. 108. It has been deemed wise by the legislature to give to our domestic animals the same scientific care and attention that we do to human beings, and while the facts in this case may appear to be trifling, the guilt of the defendant under his own testimony is established. With the wisdom of the legislation we have nothing to do. The imposition of sentence is with the trial court, and after a thorough examination of this record we are satisfied that the indictment was properly found and the trial fairly conducted. Such facts as were in dispute were left to the jury, in a charge that is free from error.

The judgment is affirmed.