# Commonwealth *v.* Heller, Appellant.

*Veterinary medicine—Veterinary dentistry—Constitutional law —Act of May 5, 1915, P. L. 248—Criminal law—Statute of limitations.*

1. Veterinary dentistry is a branch of veterinary medicine or surgery; the Act of May 5, 1915, P. L. 248, in specifically including it in the latter term, does not create a new status, but merely recognizes or declares their existing relation.

2. The Act of May 5, 1915, P. L. 248, regulating the practices of veterinary medicine, is a valid exercise of the police power, and is not in conflict with the Fourteenth Amendment of the Constitution of the United States, nor with article I, section 9 of the Constitution of Pennsylvania.

3. A violation of the Act of May 5, 1915, P. L. 248, regulating the practice of veterinary medicine, is a continuing offense, and does not give the offender perpetual immunity, and establish his right to violate the law after two years unlawful practice.

4. The points here raised are state rather than national questions.

Argued April 30, 1923. Appeal, No. 329, Jan. T., 1923, by defendant, from judgment of Superior Court, Oct. T., 1922, No. 268, affirming judgment of Q. S. Phila. Co., Nov. T., 1921, No. 837, on verdict of guilty in case of Commonwealth v. Charles M. Heller. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court (80 Pa. Superior Ct. 366).

KELLER, J., filed the following opinion:

Defendant was convicted of violating the provisions of the Act of May 5, 1915, P. L. 248, regulating the practice of veterinary medicine.

The facts, as agreed upon, are that the defendant has been continuously engaged in the practice of veterinary dentistry since 1872 and is not registered under the Act of 1915 aforesaid. Since the passage of that act and within two years last past he has practiced veterinary dentistry for pay, and in connection therewith has filed horses' teeth and lanced their gums. He advertises as "Dr. C. M. Heller, V.D.", and holds himself out to the public as a specialist on horses' teeth.

The history of the statutory regulation of the practice of veterinary medicine and surgery in Pennsylvania begins with the Act of April 11, 1889, P. L. 28, which was followed, in turn, by the Acts of April 29, 1891, P. L. 36; May 16, 1895, P. L. 79; April 18, 1905, P. L. 209; April 29, 1909, P. L. 277; and May 5, 1915, P. L. 248.

The Act of 1889 provided for the registration of persons practicing veterinary medicine or surgery, or any of the branches thereof, and limited the use of the title of veterinary surgeon or "analogous title" to graduates of a legally chartered veterinary college or university having the power or authority to confer the degree of veterinary surgeon or analogous title; except that any person who had assumed the title of veterinary surgeon or analogous title in this Commonwealth for five years preceding said act, without being entitled to such degree, was allowed to continue the use of the same provided he registered as an existing practitioner within six months.

The amending Act of 1891 extended the time for registering as a practitioner to January 1, 1902, and added a proviso that the act should not apply to persons who practiced castration of domestic animals "and no other form of veterinary medicine and surgery," showing that even that humble branch of veterinary surgery had to be specially excluded from the operation of the statute.

The Act of 1895 established the State Board of Veterinary Medical Examiners, and restricted the practice of veterinary medicine and surgery in Pennsylvania after September 2, 1895, to persons who had secured a license from said board and registered the same in the prothonotary's office, but provided that nothing in the act should prohibit the practice of veterinary medicine and surgery by any practitioner who had been duly registered before that date.

The Act of 1905 provided for the registration of all persons then engaged in the practice of the science of veterinary medicine and surgery or who might thereafter become qualified to do so, with the State Board of Veterinary Medical Examiners, before January 1, 1906, and annually thereafter. It expressly provided, however (section 3), that any person who had assumed the title of veterinary surgeon, or analogous title, and who had been engaged in the practice of veterinary medicine in this Commonwealth prior to the passage of the Acts of 1889 and 1891, aforesaid, and was entitled to register thereunder, but had failed to do so, might legally register with the board on or before January 1, 1906, and renew the same annually thereafter.

The amending Act of 1909, extended the right of such practitioners to register under the Acts of 1889, 1891, or 1905, aforesaid, to January 1, 1910.

The Act of 1915 repealed all previous acts. It defined "veterinary medicine" to include veterinary surgery and veterinary dentistry or any branch thereof, and established a full and complete system of regulation of its practice. It made provision, however, for the licensing and recording, as "existing practitioners," of persons who had been registered and licensed before, and for their lawful continuance in practice; but if not legally authorized to practice at the passage of said act, they would have to possess certain qualifications and submit to an examination by the board. It is admitted that the

appellant does not possess these qualifications; in fact, the record shows that he signs his name by a mark.

The questions raised by this appeal are: (1) Is veterinary dentistry a branch of veterinary medicine or surgery; and is the use of the title "doctor," and the initials V.D. in connection therewith, an "analogous title" to veterinary surgeon? (2) Did the Act of May 5, 1915, P. L. 248, deprive appellant of his property without due process of law, in violation of the 14th amendment to the Federal Constitution or of article I, section 9, of our State Constitution? (3) Was the prosecution barred by the statute of limitations?

(1) We are of opinion that veterinary dentistry is a branch of veterinary medicine or surgery and that the Act of 1915 in specifically including it in the latter term, did not create a new status but merely recognized or declared their existing relation. In the New International Encyclopedia (under title, Veterinary Medicine) it is said: "As a rule veterinary dentistry is merely one branch of the ordinary practitioner's work and is confined entirely to equine practice......Some horses require frequent attention to their teeth on account of the tendency to develop sharp points and other irregularities." It is treated as a branch of veterinary surgery in standard text books on the subject, and the form and use of dental instruments are explained in connection therewith. See, Regional Veterinary Surgery by Moller and Dollar, pp. 25-29. A dentist is a dental surgeon: 30 Cyc. 1546. The Encyclopedia Britannica (vol. 8, p. 50, 11th ed.) calls dentistry, "a special department of medical science;" and while, as respects the treatment of human beings, the professions of medicine and dentistry are now specialized and separately regulated, it is interesting to note that the first statute in Pennsylvania regulating the practice of dentistry (Act of April 11, 1876, P. L. 39), provided: "That from and after the passage of this act it shall be unlawful for any person, except regularly authorized physicians and surgeons, to engage

in the practice of dentistry, unless," etc., thus treating dentistry as a branch of the medical profession. With respect to the treatment of animals this specialization has not taken place and dentistry still remains, as before, a branch of veterinary medicine and surgery and is regulated accordingly. The title "doctor," used in connection with the initials V.D. (presumably Veterinary Dentist), is likewise in our opinion an analogous title to Veterinary Surgeon.

Our conclusion is supported by analogous rulings in the English Courts. The Veterinary Surgeon Act of 1881 (44-45 Vict. c. 53, s. 17) prohibited the unauthorized use of the title of Veterinary Surgeon or Veterinary Practitioner, or any name, title, addition or description, stating that such unauthorized person was a veterinary surgeon or a practitioner of veterinary surgery or any branch thereof or was specially qualified to practice the same. In Royal College of Veterinary Surgeons v. Robinson, L. R. (1892) 1 Q. B. 557, it was held that a farrier who conducted a "veterinary forge" was guilty of a violation of said act by holding himself out as being specially qualified to practice a branch of veterinary surgery within the meaning of the act. In Royal College of Veterinary Surgeons v. Collison, L. R. (1908) 2 K. B. 248, one who advertised himself as a "canine specialist" was held to have violated the act. In Attorney General v. Churchill's Veterinary Sanatorium, L. R. (1910) 2 Ch. 401, the provisions of the act were held to have been violated by a company advertising as "Churchill's Veterinary Sanatorium, James Churchill, Managing Director, M.D., Specialist."

(2) We have already passed upon the constitutionality of the Act of May 5, 1915, supra, and held that it is a "valid exercise of the police power, not in conflict with any constitutional provision, federal or state": Com. v. Palmer, 71 Pa. Superior Ct. 188. In that case the defendant advertised himself as Dr. S. Melvin Palmer and followed the occupation of "horse dentist."

We upheld his conviction for practicing veterinary medicine without a license, notwithstanding his practice was limited to the care of horses' teeth and his treatment was extremely primitive.

The Supreme Court of the United States held, in Dent. v. West Va., 129 U. S. 114, that a somewhat similar statute of the State of West Virginia which required every practitioner of medicine in that state to obtain a certificate from the State Board of Health that he was a graduate of a reputable medical college, or had practiced medicine in that state continuously for ten years prior to March 8, 1881, or had passed an examination and been found qualified to practice, and which subjected persons practicing without such certificate to prosecution for a misdemeanor, did not deprive a person who had been practicing as a physician in that state, without a diploma from a reputable medical college, for a period of only five years before 1881, of any property without due process of law. The court distinguished the cases of Cummings v. Missouri, 4 Wall. 277, and Ex parte Garland, 4 Wall. 333, relied upon by this appellant, and showed that they were not applicable to statutes which only prescribed appropriate qualifications for a profession, attainable by reasonable study or application. The defendant's illiteracy, which prevents his taking the prescribed course of study, is in no respect similar to the arbitrary disqualification or punishment for past conduct which excluded Cummings and Garland from practicing their professions.

But the Dent Case was much harsher in its facts than this one, for that act gave the physician of only five years' practice no chance to be licensed without an examination. As before pointed out, the Act of 1915, was not the pioneer statute in the regulation of veterinary medicine and surgery. It is the last of a series of acts extending over twenty-five years. Full opportunity was given the defendant to register under the provisions of the Act of 1889; and this was renewed from time to time

until as late as January 1, 1910. If he neglected to do so, that was his fault. The Commonwealth certainly gave him reasonable opportunity to register and legalize his practice: Kerbs v. State Veterinary Board, 118 N. W. 4, 154 Mich. 500.

That the Act of 1915 does not violate a similar provision in our State Constitution is abundantly demonstrated in our own cases: Com. v. Finn, 11 Pa. Superior Ct. 620; and Com. v. Densten, 30 Pa. Superior Ct. 631, affirmed, 217 Pa. 423.

(3) The Act of 1915 forbids the practice of veterinary medicine without registration and a license,—not, "entering upon" or "engaging in" such practice, as was the language in an earlier act and some statutes along similar lines: Com. v. Campbell, 22 Pa. Superior Ct. 98. The offense is a continuing one and does not gain the offender perpetual immunity and establish his right to violate the law after two years unlawful practice. The statement of facts shows a violation of the act within two years of the finding of the indictment and it was not barred by the statute of limitations because the unlawful practice began many years prior thereto.

The assignments of error are overruled and the judgment is affirmed.

*Error assigned,* inter alia, was judgment, quoting it.

*Lincoln L. Eyre,* for appellant.—The act is unconstitutional: Ritter v. Rodgers, 8 Pa. C. C. R. 451; Palairet's App., 67 Pa. 479; Com. v. Wasson, 29 Pitts. L. J. 434; Ex parte Garland, 4 Wallace 333; Cummings v. Missouri, 71 U. S. 277; Dobbins v. Los Angeles, 195 U. S. 233.

*John H. Maurer,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Wadel's Case, 25 Pa. C. C. R. 60; Com. v. Keemer, 20 Pa. Dist. R. 983; Johnson v. State Board of Veteri-

nary Medical Examiners, 46 Pa. Superior Ct. 279; Com. v. Finn, 11 Pa. Superior Ct. 620.

PER CURIAM, May 23, 1923:

We adopt the opinion of the Superior Court, and, in addition to the authorities there mentioned, cite the opinion recently filed by Mr. Justice BRANDEIS of the Supreme Court of the United States in Douglas et al. v. Noble, 43 Sup. Ct. Rep. 303, which shows the points here raised to be state rather than national questions.

The judgment is affirmed.