**Patti L. GREEN, Petitioner**

v.

**PENNSYLVANIA STATE BOARD OF VETERINARY MEDICINE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 17, 2015.

Decided March 16, 2015.

Publication Ordered June 10, 2015.

---

Edward G. Lanza, Harrisburg, for petitioner.

Jonathan D. Koltash, Harrisburg, for respondent.

OPINION BY Senior Judge COLINS.

This case is an action in this Court's original jurisdiction brought by Patti L. Green, an individual who practices animal acupuncture, against the Pennsylvania State Board of Veterinary Medicine (Board) seeking a declaratory judgment that the practice of animal acupuncture in Pennsylvania does not require a license. Before the Court are the Board's preliminary objections to the petition for review. For the reasons set forth below, the Court sustains the Board's preliminary objection in the nature of a demurrer.

The petition for review (denominated by Green as the Complaint) alleges that Green is a trained acupuncturist holding a Master's Degree in acupuncture and a post-Master's Certificate in animal acupuncture, and that she has been licensed by the State of Maryland to practice acupuncture on human beings. (Petition for Review ¶ 2.) Green does not allege that she holds any Pennsylvania license to practice acupuncture and admitted at oral argument that she is not licensed in Pennsylvania. In 1999, Green inquired with both the Board and the State Board of Medicine as to licensure requirements and was told that human acupuncture required a license, but that Pennsylvania did not regulate animal acupuncture. (*Id.* both ¶¶ 8.)[1] Green has practiced animal acupuncture in Pennsylvania on animals diagnosed by licensed veterinarians and at the request of and through referral by licensed veterinarians from 1999 through the present. (*Id.* ¶ 2, second ¶ 8, ¶ 22.).

In November 2011, the Board filed a Notice and Order to Show Cause charging Green with violating the Veterinary Medicine Practice Act[2] in her treatment of a dog in June 2011. (Petition for Review ¶¶ 10–11.) The Board's prosecuting attorney submitted a proposed Consent Agreement to Green, who was unrepresented by counsel, and communicated to her that the violation was based her making a diagnosis of the animal's condition. (*Id.* ¶¶ 12–14.) Based on these representations and on statements by the Board's attorney that additional charges could be brought and far greater costs could be imposed on her if she did not sign the Consent Agreement, Green signed the Consent Agreement, paid a civil penalty and costs of $882, and made changes to the forms that she used in her practice to remove diagnostic terminology and add a disclosure form concerning the nature of her services. (*Id.* ¶¶ 14, 16–17 & Ex. A.)

In 2013, licensed veterinarians who wished to hire Green to perform acupuncture on the animals they treat sought guidance from the Board as to whether they were permitted to do so. (Petition for Review ¶¶ 23–24.) The Board responded by sending the licensed veterinarians a copy of the Consent Agreement and the Order entered pursuant to that Consent Agreement, and implied that they could not hire Green to perform acupuncture services unless she was licensed in Pennsylvania. (*Id.* ¶¶ 24–25.) The veterinarians and Green filed a petition with the Board seeking a declaratory order as to whether Green could be hired to perform acupuncture services as a veterinary assistant, but the Board on July 30, 2014 declined to rule on the ground that it lacked jurisdiction to issue a declaratory order. (*Id.* ¶¶ 28–29.)[3]

---

1. The Petition for Review has two paragraphs numbered as paragraph 8.

2. Act of December 27, 1974, P.L. 995, *as amended*, 63 P.S. §§ 485.1–485.33.

3. A petition for review appealing that order was filed and is pending at 1455 C.D. 2014. (Petition for Review ¶ 29.)

On October 24, 2014, Green filed the instant petition for review asserting that the Board's position that a professional license is required for practice of animal acupuncture infringes her constitutional right to practice her chosen profession and seeking declaratory relief, expungement of the Consent Agreement and Order, and injunctive relief against future prosecution for practicing veterinary medicine without a license. The Board has filed three preliminary objections to the petition for review: (1) a motion to dismiss for failure to exhaust administrative remedies, (2) a demurrer, asserting that Green fails to state a cause of action on which relief may be granted because Pennsylvania law requires a professional license to practice acupuncture, and (3) a motion to dismiss under Pa. R.C.P. No. 1028(a)(2) for failure to conform to Pa. R.C.P. No. 1022 (requiring that pleadings be divided into paragraphs containing only one material allegation) and for inclusion of scandalous and impertinent matter.

It is well settled that in ruling on preliminary objections seeking dismissal of an action, this Court must accept as true all well-pleaded allegations of material facts, as well as all of the inferences reasonably deducible from those facts. *Seeton v. Pennsylvania Game Commission,* 594 Pa. 563, 937 A.2d 1028, 1032 n. 4 (2007); *Saxberg v. Pennsylvania Department of Corrections,* 42 A.3d 1210, 1211 (Pa.Cmwlth. 2012); *McCord v. Pennsylvania Gaming Control Board,* 9 A.3d 1216, 1218 n. 3 (Pa.Cmwlth.2010) (*en banc*). The Court, however, is not required to accept as true conclusions of law, unwarranted inferences from facts, expressions of opinion, argumentative allegations or allegations contradicted by documents on which the claim is based. *Allen v. Pennsylvania Department of Corrections,* 103 A.3d 365, 369 (Pa.Cmwlth.2014); *McCord,* 9 A.3d at 1218 n. 3; *Firetree, Ltd. v. Department of General Services,* 920 A.2d 906, 911–12 (Pa. Cmwlth.2007). Preliminary objections that would result in dismissal of the action should be sustained only where it appears with certainty that the law will not permit any recovery, and any doubt must be resolved in favor of the non-moving party. *Saxberg,* 42 A.3d at 1211–12; *McCord,* 9 A.3d at 1218 n. 3.

The Court addresses in turn the Board's preliminary objection seeking dismissal for failure to exhaust administrative remedies and its demurrer. Because of the Court's ruling on the Board's demurrer, it is unnecessary to address the Board's motion to dismiss for pleading defects.

 The doctrine of exhaustion of administrative remedies requires a party to exhaust all adequate and available administrative remedies before seeking relief against a government agency from the courts. *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources,* 546 Pa. 315, 684 A.2d 1047, 1053 (1996); *Funk v. Department of Environmental Protection,* 71 A.3d 1097, 1101 (Pa.Cmwlth. 2013); *Heffner Funeral Chapel & Crematory, Inc. v. Department of State, Bureau of Professional and Occupational Affairs,* 824 A.2d 397, 400 (Pa.Cmwlth.2003), *aff'd without op.,* 578 Pa. 41, 849 A.2d 1135 (2004). An administrative remedy that does not allow for adjudication of the issue raised by the petitioner, however, is not an adequate remedy and does not preclude resort to the courts. *Bucks County Services, Inc. v. Philadelphia Parking Authority,* 71 A.3d 379, 388–89 (Pa.Cmwlth. 2013); *Clairton Slag, Inc. v. Department of General Services,* 2 A.3d 765, 781 (Pa. Cmwlth.2010).

 The Board has not shown that Green has any adequate alternative remedy. Green has sought a ruling from the Board on whether she can practice animal

acupuncture as a veterinary assistant to licensed veterinarians and the Board concluded that it lacked jurisdiction to issue a declaratory order. (Petition for Review ¶¶ 28–29.) Indeed, the Board has not argued that Green has any alternative remedy to obtain a determination whether the practice of animal acupuncture requires a license. Rather, the Board asserts that Green's remedy is to seek and obtain a license, contending that she could practice animal acupuncture under the supervision of a veterinarian if she obtained an acupuncture license from other agencies, the State Board of Medicine or the State Board of Osteopathic Medicine, or that she could practice animal acupuncture if she obtained a license from the Board to practice veterinary medicine or to practice veterinary technology as a Certified Veterinary Technician. That argument confuses the merits of Green's claim with whether she has a remedy to determine her rights. Ability to obtain a license and challenge any denial is not an administrative remedy for determining whether a license is necessary. Because the Board has not shown that Green has an adequate administrative remedy, this preliminary objection must be overruled.

The Board also contends that Green cannot state a legally valid cause of action against it because Pennsylvania law requires a professional license to practice animal acupuncture. The Court agrees and sustains this demurrer.

 The right to practice a profession is subordinate to the Commonwealth's police power to regulate and license professions to protect the public health and welfare. *Commonwealth v. Heller,* 277 Pa. 539, 121 A. 558, 560 (1923); *Barran v. State Board of Medicine,* 670 A.2d 765, 767 (Pa.Cmwlth.1996); *Quintana v. State Board of Osteopathic Medical Examiners,* 77 Pa.Cmwlth. 438, 466 A.2d 250, 253 (1983); *Reisinger v. State Board of Medical Education and Licensure,* 41 Pa. Cmwlth. 553, 399 A.2d 1160, 1164 (1979). "It is well established that a state may set reasonable standards for determining the qualifications of those who hold themselves out as practitioners of the healing arts and may also grant to an administrative body the authority to enforce standards." *Reisinger,* 399 A.2d at 1164.[4]

The Acupuncture Licensure Act (Acupuncture Act)[5] requires a license from the State Board of Medicine or the State Board of Osteopathic Medicine before an individual "may practice acupuncture in this Commonwealth" and requires that the acupuncturist renew the license every two years. Sections 2 and 3(a) of the Acupuncture Act, 63 P.S. §§ 1802, 1803(a). The Acupuncture Act requires that both of those boards promulgate regulations requiring the proper training of individuals in acupuncture before they may be licensed to practice acupuncture. 63 P.S. § 1803(b). Both the State Board of Medicine and the State Board of Osteopathic Medicine have promulgated regulations setting forth the training and qualifications required for acupuncturists under which non-physicians may be licensed as acu-

---

4. *Nixon v. Commonwealth,* 789 A.2d 376 (Pa. Cmwlth.2001) (*en banc*), *aff'd,* 576 Pa. 385, 839 A.2d 277 (2003), cited by Green, is not to the contrary. In *Nixon,* the issue was whether a lifetime bar to certain employment based on a past criminal conviction, no matter how remote, was rationally related to the government's purpose of protecting citizens, not whether the government can require licensure

and prohibit exercise of a profession without a license. Nothing in *Nixon* suggests that the government cannot require persons offering a professional service to demonstrate their competence and obtain a license.

5. Act of February 14, 1986, P.L. 2, *as amended,* 63 P.S. §§ 1801–1806.1.

puncturists and practice acupuncture. 49 Pa.Code § 18.13(a); 49 Pa.Code § 25.303(a).

The Acupuncture Act provides that "it shall be unlawful for an individual to practice acupuncture in this Commonwealth unless the individual is licensed as an acupuncturist" by one of those boards, except where a statutory exemption applies. Section 5(a) of the Acupuncture Act, 63 P.S. § 1805(a). Section 3(h) of the Acupuncture Act exempts licensed dentists, podiatrists and veterinarians performing acupuncture in their profession from the requirement that they obtain a license from the State Board of Medicine or the State Board of Osteopathic Medicine, and provides that the State Boards of Dentistry, Podiatry and Veterinary Medical Examiners "shall assure that *licensees* of that board who perform acupuncture have what that board determines to be the proper education or demonstrated experience in the performance of acupuncture." 63 P.S. § 1803(h) (emphasis added).

The Acupuncture Act does not limit its licensure requirement to human acupuncture. "Acupuncture" is defined as "[t]he stimulation of certain points on or near the surface of the body by the insertion of needles to prevent or alleviate the perception of pain or to normalize physiological functions, including pain control, for the treatment of certain diseases or dysfunctions of the body," 63 P.S. § 1802, and the Acupuncture Act does not define "the body" to limit it to the human body. Moreover, Section 3 of the Acupuncture Act recognizes that acupuncture includes animal acupuncture, as it specifically addresses "a veterinarian performing acupuncture on animals in connection with the practice of veterinary medicine," and treats that acupuncture the same as human acupuncture performed by dentists and podiatrists. 63

P.S. § 1803(h). The fact that the State Board of Medicine and the State Board of Osteopathic Medicine regulate treatment of humans does not make their acupuncture licensure inapplicable to veterinary treatment. The Board's Rules of Professional Conduct for Veterinarians specifically recognize that individuals licensed to provide certain types of professional treatment to humans may assist and work in cooperation with veterinarians in treating animals. 49 Pa.Code § 31.21, Principle 6(b) (permitting veterinarians to "seek, through consultation, the assistance of other licensed professionals, including chiropractors, dentists, dental hygienists and physical therapists, when it appears that chiropractic, dental, dental hygiene or physical therapy procedures will enhance the quality of veterinary care").

Green argues that she is not required to obtain an acupuncture license from the State Board of Medicine or the State Board of Osteopathic Medicine under Section 3(h) of the Acupuncture Act and that Section 3(h) requires the Board to promulgate regulations setting standards for all animal acupuncture. Those contentions are without merit. Section 3(h) applies to "a *veterinarian* performing acupuncture on animals," not to other individuals performing acupuncture on animals. 63 P.S. § 1803(h) (emphasis added). The only requirement that Section 3(h) imposes on the Board is to assure the acupuncture skills of its "licensees," not the skills of individuals who do not hold any license to practice veterinary medicine or other license issued by the Board. Nothing in Section 3(h) of the Acupuncture Act suggests that any acupuncture, including animal acupuncture, may be performed by an unlicensed individual.

■ The fact that Green was told that animal acupuncture does not require a li-

cense and that the Board did not raise this issue in the Consent Agreement and Order (Petition for Review ¶ 8, ¶¶ 14–15; Consent Agreement and Order) does not change this. While misstatements of the law by government officials representing that conduct is legal may support a defense to prosecution for past conduct, *see Commonwealth v. Kratsas,* 564 Pa. 36, 764 A.2d 20, 27–38 (2001), representations and non-enforcement by government officials cannot rewrite a statute or estop the Commonwealth from future enforcement of the statute's requirements. *Department of Public Welfare v. UEC, Inc.,* 483 Pa. 503, 397 A.2d 779, 785–86 n. 6 (1979); *Commonwealth v. Western Maryland R.R. Co.,* 377 Pa. 312, 105 A.2d 336, 340–41 (1954); *Luther P. Miller, Inc. v. Commonwealth,* 88 A.3d 304, 312 n. 13 (Pa.Cmwlth.2014); *D.E.L.T.A. Rescue v. Bureau of Charitable Organizations,* 979 A.2d 415, 429–30 (Pa. Cmwlth.2009); *Lackawanna Refuse Removal, Inc. v. Department of Environmental Resources,* 65 Pa.Cmwlth. 372, 442 A.2d 423, 426 (1982).

 Because the plain language of the Acupuncture Act requires that an individual practicing animal acupuncture obtain an acupuncture license from the State Board of Medicine or the State Board of Osteopathic Medicine or be licensed by the Board, Green's claim that she is entitled to practice animal acupuncture without obtaining a license fails to state a cause of action and must be dismissed with prejudice.

Green's claim for expungement of the Consent Agreement and Order likewise fails. The representations that Green alleges led her to sign the Consent Agreement were that the charges against her concerned the diagnosing of the dog without a veterinary license, and did not relate to her performance of acupuncture. (Petition for Review ¶¶ 14–16.) Examination of the Consent Agreement and Order demonstrates no inconsistency between such representations and its terms. The Consent Agreement and Order sets forth that the conduct with which Green was charged consisted of performing an examination on a dog, diagnosing the dog "as having a 'toxic liver,'" and recommending treatment that included "discontinuing vaccines, and discontinuing the use of Frontline [flea and tick protection] and Heartguard [heartworm protection]." (Consent Agreement and Order ¶¶ 3n–3q) (internal quotation marks in original). The Consent Agreement and Order does not make any finding that Green's performance of acupuncture without a license is illegal or that she is required to obtain a license to perform acupuncture. Rather, it is the Acupuncture Act, not the Consent Agreement and Order, that requires that she obtain a license.

To the extent that Green is contending that the Consent Agreement and Order must be set aside because she was unrepresented and the Board commingled prosecutorial and adjudicatory functions (Petition for Review ¶¶ 15, 31), those claims are barred by the terms of the Consent Agreement and Order. In the Consent Agreement, Green acknowledged her right to counsel and that she knowingly elected to proceed without legal assistance. (Consent Agreement and Order ¶ 8.) Green also expressly waived any claim of "commingling of prosecutorial and adjudicative functions by the Board or its counsel, which may arise or have arisen during the negotiation, preparation and/or presentation of this Consent Agreement." (*Id.* ¶ 9.)

For the foregoing reasons, the Court sustains the Board's preliminary objection in the nature of a demurrer and dismisses the petition for review with prejudice.

## *ORDER*

AND NOW, this 16th day of March, 2015, upon consideration of Respondent's preliminary objections to the above captioned petition for review, the briefs of the parties with respect thereto, and oral argument held on February 17, 2015, it is hereby ORDERED that Respondent's preliminary objection in the nature of a demurrer is SUSTAINED, and the petition for review is DISMISSED with prejudice.