**Robert M. McCORD, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania, Petitioner**

v.

**The PENNSYLVANIA GAMING CONTROL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 2010.

Decided Dec. 10, 2010.

Christopher B. Craig, Chief Counsel and Jennifer Langan, Deputy Chief Counsel, Harrisburg, for Petitioner.

James J. Kutz and Jason G. Benion, Harrisburg, for Respondent.

BEFORE: LEADBETTER, President Judge,[1] and McGINLEY, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge LEADBETTER.

Robert M. McCord, in his official capacity as Treasurer of the Commonwealth of Pennsylvania (Treasurer), filed a Petition

1. This case was reassigned to the author on October 27, 2010.

for Review in the Nature of an Action for Declaratory and Injunctive Relief against the Pennsylvania Gaming Control Board (Board) in this court's original jurisdiction. The Board filed Preliminary Objections to the Petition for Review. For reasons set forth in this opinion, we overrule the Board's Preliminary Objections.

On May 11, 2010, the Treasurer filed his petition for review seeking to have this court declare, as a matter of law, that the Treasurer, or his designee, has the statutory right to fully participate in all public and executive sessions of the Board as a non-voting member of the Board. Further, the Treasurer asks this court to enjoin the Board from taking any action to prohibit, impede, discourage or otherwise prevent the Treasurer or his designee from fully participating in public and executive sessions of the Board.

■ On July 6, 2010, the Board filed preliminary objections to the petition for review in the nature of a demurrer and on the basis of lack of standing and ripeness, and seeks this court's exercise of discretion to decline jurisdiction under the Declaratory Judgments Act.[2] The preliminary objections are currently before the court.[3]

While the Sunshine Act[4] generally states that meetings of Commonwealth agencies are to be open to the public, Section 707 of the Sunshine Act, 65 Pa.C.S.

§ 707, provides that, as an exception to the general rule, agencies may hold executive sessions which are not open to the public. Executive sessions give agency board members opportunity to privately discuss confidential matters such as personnel actions, business and legal strategy or negotiations, and consultations with legal advisors, and the like. *See* 65 Pa.C.S. §§ 703, 707(a), 708(a). The Board argues that the Treasurer is not a member of the Board who may participate in an executive session, and that the Treasurer is not authorized to act on the purposes for which an executive session may be held under Section 708 of the Sunshine Act. 65 Pa.C.S. § 708. The Board further contends that the participation of the Treasurer or his designee in executive sessions would taint the Board with the appearance of corruption, erode public confidence in the oversight of gaming, disrupt the intended structure of the Board, threaten the quasi-judicial function of the Board, and may result in the divulgence of confidential information, as well as the waiver of the Board's attorney-client privilege.

■ Notwithstanding the Board's concerns, Section 1201(e) of the Pennsylvania Race Horse Development and Gaming Act (Gaming Act), 4 Pa.C.S. § 1201(e), clearly provides that the Treasurer or his designee shall serve on the Board as a non-voting *ex officio* member of the Board.

---

2. 42 Pa.C.S. §§ 7531–7541.

3. Preliminary objections to an original jurisdiction petition for review are permissible under Pa. R.A.P. 1516(b). Our review of matters before this court on preliminary objections is limited to the pleadings. *Pennsylvania State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa.Cmwlth.2006), *aff'd*, 592 Pa. 304, 924 A.2d 1203 (2007).
 [This court is] required to accept as true the well-pled averments set forth in the [petition for review], and all inferences reasonably deducible therefrom. Moreover, the

court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.
 *Id.* at 415–16 (citations omitted).

4. 65 Pa.C.S. §§ 701–716.

The Board notes, however, that Section 1103 of the Gaming Act, 4 Pa.C.S. § 1103, defines a "member" of the Board as being only the voting members designated under Section 1201(b) of the Gaming Act.[5] With that, the Board argues that neither the Treasurer, nor his designee, is entitled to fully participate in executive sessions because they are not voting members of the Board. The Sunshine Act, however, does not limit executive sessions to "voting members." Further, Section 708 of the Sunshine Act limits the function of an executive session such that no official action takes place behind closed doors. Thus, the legal right to vote as a member of the Board is of no consequence with respect to participation in an executive session.

Moreover, concerning the appearance of impropriety, the court notes that the Treasurer is a Commonwealth official acting on behalf of the Commonwealth, not on the behalf of gaming companies, their principal investors or other interested parties. We do not see how the involvement of the Treasurer pursuant to statute creates any appearance of impropriety.

█ "For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party by refusing to sustain the objections." *Smith v. Pa. Emps. Ben-*

*efit Trust Fund,* 894 A.2d 874, 881 (Pa. Cmwlth.2006). Here, despite the Board's concerns or reservations, the General Assembly has spoken with respect to the Treasurer's serving as an *ex officio* member of the Board. It cannot be said with any certainty that under the statutory scheme at issue, the Treasurer is not a member of the Board who may participate in an executive session. In fact, it appears that the opposite may be true. Accordingly, preliminary objections based on the Board's statutory interpretation cannot be sustained.[6]

█ Next, the Board argues that the Treasurer does not have standing to bring the petition for review. We disagree.

The core concept of standing is that 'a party who is not negatively affected by the matter he seeks to challenge is not aggrieved, and thus, has no right to obtain judicial resolution of his challenge.' A litigant is aggrieved when he can show a substantial, direct, and immediate interest in the outcome of the litigation. A litigant possesses a substantial interest if there is a discernible adverse effect to an interest other than that of the general citizenry. It is direct if there is harm to that interest. It is immediate if it is not a remote consequence of a judgment.

---

5. The voting membership of the Board consists of: (1) Three members appointed by the Governor, (2) One member appointed by each of the following: (i) The President pro tempore of the Senate, (ii) The Minority Leader of the Senate, (iii) The Speaker of the House of Representatives, and (iv) The Minority Leader of the House of Representatives. 4 Pa.C.S. § 1201(b).

6. The Board also objects to the portion of the Treasurer's petition which requests that this court ensure his ability to fully participate in the Board's public meetings. The Treasurer has pled that, among other things, his designees have been discouraged from fully participating in public meetings, and that a member of the Board asserted that the Treasurer or his designees are limited in their participation to the scope of their official agency duties.

In the extensive briefing of this case, as well as at oral argument, this aspect of the case has received very little attention, and there is a need for more factual development before this court can make a judgment on this claim. In light of the disposition of the rest of the case, and because it is not certain that the law will permit no recovery on this aspect of the claim, we overrule the objections to this aspect of the petition.

*In re Milton Hershey Sch.,* 590 Pa. 35, 42, 911 A.2d 1258, 1261–62 (2006) (citations omitted).

Simply on the basis that the Board seeks to preclude the Treasurer from participating in deliberative sessions, the Treasurer has a substantial, direct and immediate interest in the outcome of the litigation. If this court does not grant the relief sought by the Treasurer, it appears that he will not be permitted to participate in deliberative sessions. Accordingly, we hold that the Treasurer does have standing to bring the petition for review in this matter.

 The Board further argues that the Treasurer is barred by the doctrine of ripeness from bringing the petition for review. We disagree.

> If differences between the parties concerned, as to their legal rights, have reached the state of antagonistic claims, which are being actively pressed on one side and opposed on the other, an actual controversy appears; where, however, the claims of the several parties in interest, while not having reached the active stage, are nevertheless present, and indicative of threatened litigation in the immediate future, which seems unavoidable, the ripening seeds of a controversy appear.

*Mid–Centre Cnty. Auth. v. Boggs Twp.,* 34 Pa.Cmwlth. 494, 384 A.2d 1008, 1011 (1978) [quoting *Lakeland Joint Sch. Dist. Auth. v. Scott Twp. Sch. Dist.,* 414 Pa. 451, 456–57, 200 A.2d 748, 751 (1964) ]. Here, there is clearly a present controversy over whether the Treasurer or his designee may attend and participate in executive sessions. Accordingly, this controversy is ripe for review.

 Next, the Board argues that this court should exercise its discretion under the Declaratory Judgments Act to decline jurisdiction over the petition for review. We disagree.

Under the Declaratory Judgments Act: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding. . . ." 42 Pa.C.S. § 7537. As the Treasurer has standing to bring the petition for review, and the matter is ripe, this court concludes that a decree rendered by this court would terminate the uncertainty and controversy giving rise to this proceeding. Accordingly, we will not decline jurisdiction.

Finally, the Board argues that this court should refuse to enter a declaratory judgment where the relief in question would not resolve how the Treasurer may "fully participate" in such meetings. We disagree. If this court confirms that the Treasurer has a statutory right to fully participate in all public and executive sessions of the Board as a non-voting member, and enjoins the chairman and members of the Board from taking any action to prohibit, impede, discourage or otherwise prevent the Treasurer or his designee from participating, the Treasurer will be able to exercise the statutory right by participating as fully as any other member of the Board, with the exception of voting. Clearly then, granting the relief requested would, in fact, resolve the present controversy.

For all of the above reasons, the Board's preliminary objections are overruled.

Judge BUTLER did not participate in the decision in this case.

### ORDER

AND NOW, this 10th day of December, 2010, the preliminary objections filed by the Pennsylvania Gaming Control Board in

the above-captioned matter are hereby OVERRULED. The Respondent shall file an answer to the petition for review within thirty days of this order.