IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Harrisburg, Mayor      :
Eric Papenfuse and Bruce       :
Weber,                              :
                                    :
                Petitioners  :
                                    :
           v.                  :  No. 180 M.D. 2020
                                    :  Argued:  December 8, 2020
Intergovernmental Cooperation  :
Authority for Harrisburg,     :
                                    :
                Respondent :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED:  January 7, 2021

Before the Court are the preliminary objections of the Intergovernmental Cooperation Authority for Harrisburg (Authority) to the petition for review filed in our original jurisdiction by the City of Harrisburg (City),[1] Mayor Eric Papenfuse (Mayor), and Bruce Weber (Director), the City's Director of Financial Management, pursuant to the Declaratory Judgments Act (DJA), 42 Pa. C.S. §§7531-7541.  The petition for review seeks a declaration that Director, as an

---

[1] The City is a City of the Third Class.  *See* 122 The Pennsylvania Manual 6-5, 6-46, 6-53 (2017); *Emert v. Larami Corporation*, 200 A.2d 901, 902 n.1 (Pa. 1964) ("Courts will take judicial notice of geographical facts such as the county in which a town or city is located.") (citations omitted).

*ex officio* member, has the right to participate fully in the Authority's executive sessions, and an injunction to enjoin the Authority from excluding and precluding Director from participating in all of the Authority's public and executive session meetings. The Authority preliminarily objects to the City's and the Mayor's standing to initiate and prosecute this matter.[2] We sustain the preliminary objections, dismiss the City and the Mayor as parties to this action, and direct the Authority to file an answer to the Director's petition for review.

The relevant facts of this case as gleaned from the petition for review may be summarized as follows. The Authority was created pursuant to Section 201(a) of the Intergovernmental Cooperation Authorities Act for Cities of the Third Class (Act 124),[3] which was enacted to help Cities of the Third Class, such as the City, to achieve financial stability and exit distressed municipality status under the Municipalities Financial Recovery Act (Act 47),[4] the statute enacted to assist such financially distressed municipalities. *See* Section 706(2) of Act 124, 53 P.S. §42706(2) ("The distressed status of a city under [Act 47] shall terminate when an

---

[2] Pa. R.C.P. No. 1029(a)(5) states, "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . (5) lack of capacity to sue[.]" When ruling on preliminary objections contesting a party's standing to initiate and maintain a matter, this Court must "accept as true all well-pleaded allegations of material facts as well as all of the inferences reasonably deducible from the facts. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party." *Gregory v. Pennsylvania State Police*, 160 A.3d 274, 276 (Pa. Cmwlth. 2017) (citation omitted).

[3] Act of October 24, 2018, P.L. 751, 53 P.S. §42201(a). Section 201(a) states, in relevant part: "A body corporate and politic to be known as the Intergovernmental Cooperation Authority for (name of city) is established as a public authority and instrumentality of the Commonwealth for each city that shall exercise public powers of the Commonwealth as an agency and instrumentality thereof."

[4] Act of July 10, 1987, P.L. 246, *as amended*, 53 P.S. §§11701.101–11701.712.

intergovernmental cooperation agreement is entered into by the city and an authority under section 203(d).").  As stated in Section 203(a) of Act 124, the Pennsylvania General Assembly created the Authority "for the purpose, without limitation[,] . . . of assisting the assisted city in solving its budgetary and financial problems."  53 P.S. §42203(a).  To this end, Section 203(b)(1) outlines the extensive powers conferred upon the Authority with respect to the City's finances "[t]o assist the assisted city in achieving financial stability in any manner consistent with the purposes and powers described by this act."  53 P.S. §42203(b)(1).  The primary goal of the Authority is to negotiate and finalize a five-year financial recovery plan and an intergovernmental cooperation agreement with the City.  *See, e.g.*, Sections 203(b), 209, and 210 of Act 124, 53 P.S. §§42203(b), 42209, 42210.

Additionally, Section 202(a)(1)(vi) of Act 124 provides, in pertinent part:

> [T]he director of finance of an assisted city shall serve as [an] ex officio member[] of the board.  The ex officio members may not vote and shall not be counted for purposes of establishing a quorum.  [T]he director of finance of an assisted city may designate in writing a representative of [his] respective office[] to attend meetings of the board on [his] behalf.

53 P.S. §42202(a)(1)(vi).  Thus, by statute, the Director is an *ex officio* member of the Authority.

Although the Director, or his designee, has attended monthly Authority board meetings, on at least three occasions, the Authority has excluded the Director from executive sessions in spite of his stated intention to attend.  *See* Petition for Review ¶¶22-25.  The Mayor has also asked the Authority to permit the Director to participate in the executive sessions, yet the Authority has denied these requests without explanation and has not provided the Director with summaries or minutes

3

from the executive sessions that he has been prevented from attending. *See id.* ¶¶26-31. As a result, the City, the Mayor, and the Director filed the instant petition for review seeking declaratory and injunctive relief to compel the Authority to permit the Director to attend and participate in the Authority's executive sessions.

In ruling on the Authority's preliminary objections, we initially note that our Supreme Court has explained:

> In Pennsylvania, the doctrine of standing at issue in this matter is a prudential, judicially created principle designed to winnow out litigants who have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been "aggrieved." As this Court explained[,] "the core concept [of standing] is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution to his challenge." A party is aggrieved for purposes of establishing standing when the party has a "substantial, direct and immediate interest" in the outcome of litigation. A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.
>
> Thus, while the purpose of the [DJA] is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered," the availability of declaratory relief is limited by certain justiciability concerns. 42 Pa. C.S. §7541(a). In order to sustain an action under the [DJA], a plaintiff must allege an interest which is direct, substantial and immediate, and must demonstrate the existence of a real or actual controversy, as the courts of this Commonwealth are generally proscribed from rendering decisions in the abstract or issuing purely advisory opinions.

4

*Office of Governor v. Donohue*, 98 A.3d 1223, 1229 (Pa. 2014) (citations omitted).

In Count I of the petition for review, the following injunctive relief is requested:

> a. An injunction, permanently enjoining the [Authority] from taking any action to prohibit, impede, discourage or otherwise prevent [the Director] or his designee from fully participating in all public and executive sessions of the [Authority]; and
>
> b. Such other further relief as this Honorable Court deems just and proper.

Petition for Review at 11-12.

In Count II of the petition for review, the following declaratory relief is requested:

> a. Judgment declaring that the [Authority] has violated Act 124['s] enabling legislation by precluding [the Director] from attending executive sessions;
>
> b. Judgment declaring that the [Authority] has no lawful authority to exclude [the Director] from the [Authority's] executive sessions; and
>
> c. Such other and further relief as this Honorable Court deems just and proper.

Petition for Review at 14.

Based on the allegations and the relief requested, it is clear that the Director has standing to initiate this action and prosecute the instant petition for review. In a similar case involving the Pennsylvania Gaming Control Board's (Board) exclusion of the Commonwealth's Treasurer from Board executive sessions based on his status as an *ex officio* member, this Court stated:

> Simply on the basis that the Board seeks to preclude the Treasurer from participating in deliberative sessions,

5

the Treasurer has a substantial, direct and immediate interest in the outcome of this litigation. If this Court does not grant the relief sought by the Treasurer, it appears that he will not be permitted to participate in deliberative sessions. Accordingly, we hold that the Treasurer does have standing to bring the petition for review in this matter.

*McCord v. Pennsylvania Gaming Control Board*, 9 A.3d 1216, 1220 (Pa. Cmwlth. 2010).

However, neither the City nor the Mayor have such a substantial, direct, and immediate interest in this matter. It is undisputed that both the City and the Mayor are very interested in the actions of the Authority as they will impact City operations once the five-year plan and intergovernmental cooperation agreement are implemented in the future pursuant to the provisions of Act 124. Nevertheless, these future interests do not equate to a present substantial, direct, and immediate interest so as to confer standing in the instant matter, which is most properly prosecuted by the Director, as only his interest is directly related to his participation in the Authority's executive sessions.

Accordingly, the Authority's preliminary objections are sustained; the City and the Mayor are dismissed as parties to this action; and the Authority is directed to file an answer to the Director's petition for review.

_____
MICHAEL H. WOJCIK, Judge


Judge Crompton did not participate in the decision of this case.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Harrisburg, Mayor     :
Eric Papenfuse and Bruce     :
Weber,     :
     :
          Petitioners  :
     :
          v.        : No. 180 M.D. 2020
     :
Intergovernmental Cooperation  :
Authority for Harrisburg,     :
     :
          Respondent :

# **O R D E R**

AND NOW, this 7th day of January, 2021, the preliminary objections of the Intergovernmental Cooperation Authority for Harrisburg are SUSTAINED; the City of Harrisburg and Mayor Eric Papenfuse are DISMISSED as Petitioners; and the Intergovernmental Cooperation Authority for Harrisburg is directed to file an answer within thirty (30) days of the date of this order to the Petition for Review filed by Bruce Weber.

_____
MICHAEL H. WOJCIK, Judge