IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony S. Twitty,                          :
                    Petitioner              :
                                            :
        v.                                  :   No. 532 M.D. 2022
                                            :   Submitted: November 6, 2023
                                            :
The Pa. Dep't of Corr.,                     :
                    Respondent              :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: December 6, 2023


Before this Court are the preliminary objections (POs) of the Pennsylvania Department of Corrections (DOC) to a Petition for Review (PFR) filed *pro se* by Anthony S. Twitty (Twitty) in this Court's original jurisdiction. DOC contends that Twitty has failed to demonstrate a clear right to relief. For the reasons that follow, we sustain DOC's POs, dismiss Twitty's PFR, and grant Twitty 30 days from the date of this decision and order within which to file an amended PFR.

## I.    BACKGROUND AND PROCEDURAL HISTORY

We state the facts as gleaned from the pleadings. Twitty states that on May 24, 2022, while incarcerated at State Correctional Institution (SCI) Houtzdale, a waterpipe burst, twice flooding his prison cell with water. (PFR ¶ 1.) Twitty alleges that his footlocker and most of the contents of his footlocker (legal documents, books, family pictures, a gig bag, surge protector and painting/canvas) were damaged. *Id.*

Twitty submitted an Official Inmate Grievance form on June 6, 2022, in which he requested relief for "the replacement value or identical item, new or used, except the footlocker and gig." *Id.* at Exhibit A. On July 1, 2022, an Initial Review Response was issued by SCI-Houtzdale, in which Twitty's grievance was upheld in part, and denied in part, as the allegation that his property was damaged beyond use could not be substantiated. *Id.* at Exhibit B. Twitty's request for relief was denied. *Id.*

On July 17, 2022, Twitty filed an Inmate Appeal to the facility manager. On July 29, 2022, the facility manager upheld the initial review response, "as staff contradict[ed] that [Twitty] sustained property damage beyond use or reparability and [Twitty was] provided with several opportunities to spread out items to mitigate any damage and [with] laundry services." *Id.* at Exhibit D. On August 12, 2022, Twitty appealed the facility manager's decision for final review, requesting that the matter be remanded, and relief be granted. *Id.* at Exhibit E. On September 20, 2022, Twitty's appeal was dismissed for failure to "provide [the Secretary's Office of Inmate Grievances & Appeals] with any evidence of property in [his] possession in accordance with DOC policy DCADM 804." *Id.* at Exhibit G.

On October 31, 2022, Twitty filed his PFR, wherein Twitty argues that DOC violated his constitutional rights to adequate due process as provided under the Fifth and Fourteenth Amendments of the United States Constitution, U.S. CONST. amends. V and XIV, and requests this Court to compel DOC to admit its wrongdoing and to stop violating his rights. (PFR ¶ 3-4.)

In response to the PFR, DOC filed POs in the nature of demurrers. Therein, DOC challenges the PFR's legal sufficiency on several grounds. First, DOC asserts that Twitty's due process claims should be dismissed because the grievance process was available to and utilized by him. Next, DOC contends that Twitty's

Takings Clause, i.e. Fifth Amendment, argument should be dismissed because it is inapplicable to the current case. Finally, DOC argues that it is not a "person," therefore, it cannot be sued for constitutional violations under 42 U.S.C. § 1983. DOC asks this Court to sustain its POs and dismiss Twitty's PFR.

DOC's POs are now before us for review.

## II. DISCUSSION

In ruling on POs, "we accept as true all well-pleaded material allegations . . . and any reasonable inferences that we may draw from the averments." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013). However, we are not required to accept as true "legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* For this Court to sustain POs, "it must appear with certainty that the law will permit no recovery[.]" *McCord v. Pennsylvania Gaming Control Board*, 9 A.3d 1216, 1219 (Pa. Cmwlth. 2010). If there is any doubt, this Court should overrule the POs. *Id.* This Court "may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong*, 67 A.3d at 170. We address each of DOC's POs in turn.

## A. Due Process Clause

Twitty claims that DOC violated his rights under the Fourteenth Amendment's Due Process Clause by damaging his personal property. (Twitty's Br. at 2-3.)

The Fourteenth Amendment of the United States Constitution provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To maintain a due process challenge, a party must initially "establish the deprivation of a protected liberty or property

3

interest." *Miller v. Workers' Compensation Appeal Board (Pavex, Inc.)*, 918 A.2d 809, 812 (Pa. Cmwlth. 2007). If the party establishes a deprivation of a protected interest, the Court will consider what type of procedural mechanism is required to fulfill due process. *Id.*

Post-deprivation remedies satisfy the due process clause where the situation dictates that the State take immediate action, or it is impracticable to provide any meaningful pre-deprivation process. *Parratt v. Taylor*, 451 U.S. 527, 539 (1981). When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or intentionally, due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations. *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). In addressing the issue, the courts have repeatedly held that inmate grievance systems are an adequate post-deprivation remedy, and this includes DOC's tiered grievance procedure. *Bullock v. Department of Corrections* (Pa. Cmwlth., No. 241 M.D. 2016, filed May 12, 2017), slip op. at 9.

Here, it is undisputed that Twitty has utilized DOC's grievance system. Although Twitty asserts that DOC's response was inadequate, he has not alleged any specific involvement or misconduct by DOC relating to the flood. Thus, DOC maintains that Twitty's procedural due process rights were not violated. Furthermore, Twitty's only relief requested is for this Court to compel DOC to admit it was responsible for his damaged property.[1] Therefore, by utilizing the post-deprivation

---

[1] To the extent Twitty argues his personal property was damaged due to the negligence of DOC staff, this appears to be more appropriate as a negligence claim than a confiscation claim. (Twitty's Br. at 3.) However, nonetheless, if this was appropriately before the Court as a negligence claim, we would conclude that Twitty's allegations do not demonstrate that DOC had a duty with

**(Footnote continued on next page…)**

4

grievance process, Twitty was given an opportunity to be heard. Therefore, we sustain DOC's PO in this regard.

## B. Takings Clause

Twitty claims that DOC violated his rights under the Takings Clause of the Fifth Amendment. DOC responds that Twitty has failed to explain how the Takings Clause applies to the factual scenario he alleged.

The Takings Clause emanates from the last clause of the Fifth Amendment of the United States Constitution, which provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. amend. V. The Takings Clause of the Pennsylvania Constitution similarly provides that private property shall not "be taken or applied to public use, without authority of law and without just compensation being first made or secured." PA. CONST. art. I, § 10. Both constitutional provisions are interpreted using the same standards and framework. *Smith v. Cortes*, 879 A.2d 382 (Pa. Cmwlth. 2005), *aff'd*, 901 A.2d 980 (Pa. 2006) (recognizing that our Pennsylvania Supreme Court has consistently relied upon the United States Supreme Court's decisions in resolving claims under the States Takings Clause).

A claim under the Takings Clause of the Fifth Amendment requires the petitioner to demonstrate that he has a constitutionally protected property interest. *Penn Central Transportation Co. v. New York*, 438 U.S. 104, 125 (1978). The United States Constitution does not create property interests and, instead, an independent source such as state statutory law creates and defines the property interests protected by it. *Board of Regents of State College v. Roth*, 408 U.S. 564 (1972).

Here, although Twitty has alleged that his private property was damaged in the flood, he has failed to demonstrate how this amounted to a violation of the

---

respect to Twitty's personal property nor has Twitty pled facts that evidence DOC's involvement in such loss.

5

Takings Clause. Twitty has not alleged that DOC took his personal property for public use without just compensation. Therefore, we sustain DOC's PO in this regard.

## C. <u>Section 1983</u>

Lastly, DOC objects to Twitty's PFR on the basis that his constitutional claims are improperly directed towards DOC as it is not a "person" subject to suit under Section 1983 of the Civil Rights Act of 1964.[2] DOC is the sole respondent named in the PFR.

Under Section 1983, to state a *prima facie* claim, a petitioner must allege a violation of a right secured by the United States Constitution and the laws of the United States and must show that the alleged deprivation was committed by a "person" acting under the color of a state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A state or state agency, however, is not a "person" under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 69-71 (1989). It is well settled that DOC is an administrative agency of the Commonwealth and, consequently, is not a "person" subject to suit under Section 1983. *Watkins v. Department of Corrections*, 196 A.3d 272, 275 (Pa. Cmwlth. 2018); *Warren v. Department of Corrections*, 616 A.2d 140, 142 (Pa. Cmwlth. 1992); *see* Section 201 of The Administrative Code of 1929, Act of

---

[2] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 61 (DOC is an "administrative department").

Because Twitty cannot state a claim against DOC under Section 1983, we sustain the Department's PO in this regard.

### III. CONCLUSION

For these reasons, we sustain DOC's POs, dismiss Twitty's PFR without prejudice, and grant Twitty leave to file an amended PFR within 30 days of the date of this decision and order.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony S. Twitty,      :
     Petitioner   :
           :
  v.        : No. 532 M.D. 2022
           :
           :
The Pa. Dep't of Corr.,    :
     Respondent :

## _ORDER_

    AND NOW, this 6th day of December, 2023, we sustain the preliminary objections filed by the Pennsylvania Department of Corrections, dismiss the petition for review filed by Anthony S. Twitty (Petitioner) without prejudice, and grant Petitioner leave to file an amended petition for review within 30 days of the date of this decision and order.

            _____
            PATRICIA A. McCULLOUGH, Judge