IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louie C. Velez,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             :  No. 651 M.D. 2020
                                         :  Submitted:  April 6, 2023
John E. Wetzel, Sec. of Corr';           :
Dr. Robert J. Marsh, Jr., Supt. -SCI     :
Benner Township; Jacqueline A.           :
Burd, Facility Grievance Coord.;         :
C/O I Clouser; and C/O I Smith,          :
and Sgt. Flaherty,                       :
                                         :
                    Respondents          :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                   FILED:  March 14, 2024


          Before this Court are Respondents'[1] preliminary objections (POs) in the
nature of demurrers to Louie C. Velez's (Petitioner) Second Amended Petition for
Review (PFR) filed in this Court's original jurisdiction.  For reasons that follow, we

_____

          [1] Respondents are John E. Wetzel (Wetzel), former Department of Corrections
(Department) Secretary; Robert J. Marsh (Marsh), former Superintendent at State Correctional
Institution at Benner Township (SCI-Benner Township); Jacqueline A. Burd (Burd), Facility
Grievance Coordinator at SCI-Benner Township; Corrections Officer Clouser (Clouser);
Corrections Officer Smith (Smith); and Sergeant Flaherty (Flaherty) (collectively, Respondents).

dismiss as moot portions of the Second Amended PFR; overrule, in part, and sustain, in part, Respondents' POs; and transfer the matter to the Centre County Court of Common Pleas.

## I. Background

After POs were filed to his original and first amended PFR, Petitioner, representing himself, filed his Second Amended PFR against Respondents, in their individual and official capacities, in the nature of a civil rights complaint pursuant to Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. §1983 (Section 1983) and tort claims for damage to his property. Therein, Petitioner, who at relevant points in this litigation was an inmate housed at SCI-Benner Township, in Centre County, identified Respondents as employees of the Department during the period of time encompassed by this litigation. Second Amended PFR, ¶¶8-13. He alleged that, in August 2020, his cell was searched by Respondents Smith and Clouser as a result of an inmate-on-staff assault that took place in his housing unit. *Id.*, ¶¶21, 24. He claimed that an unidentified officer entered his cell and damaged his bookshelf during the search and that another officer suggested to Respondents Smith and Clouser that they should "make some contraband." *Id.*, ¶¶25-26. Petitioner alleged that his cell was "desecrated" during the search. *Id.*, ¶27. He claimed that his television antenna and cord were damaged; his property was commingled with his cellmate's property; family photos were damaged with water and coffee that had spilled during the search; and his razor was missing. *Id.*, ¶¶27-28. Petitioner filed a grievance relating to the property issues, which was denied through to final appeal. *Id.*, ¶¶32-39.

2

Petitioner asserted claims of negligence, retaliation, and constitutional violations against Respondents. Specifically, he alleged that "Respondents Clouser and Smith negligently performed their duties and failed to adhere to established Department policies and procedures while acting under the color of state law, thereby causing the loss and destruction of Petitioner's lawfully possessed personal property. Second Amended PFR, ¶2. He alleged that Respondents Burd and Marsh retaliated against him by "arbitrarily denying and/or rejecting administrative grievances in an effort to frustrate Petitioner's diligent efforts to exhaust administrative remedies in accordance with DC-ADM 804," while affording relief to similarly situated inmates, in violation of his due process and equal protection rights. *Id*., ¶¶3, 6, 45, 59, 60. Petitioner claimed that Respondent Flaherty conspired with Respondent Burd to retaliate against him for filing grievances by compensating two other inmates for their damaged property from the August 2020 cell search via the grievance process but not doing the same for him. *Id*., ¶¶4, 47-49, 59. As for Respondent Wetzel, Petitioner alleged that he committed negligence and deliberate indifference via *respondeat superior* by failing to "train, oversee or hold accountable his subordinates" in conducting cell searches. *Id*., ¶¶5, 6, 20, 50, 61. Petitioner seeks declaratory, injunctive, nominal, compensatory and punitive relief.

In response to the Second Amended PFR, Respondents filed POs in the nature of demurrers. Therein, Respondents challenge the Second Amended PFR's legal sufficiency on several grounds. First, Respondents assert that the claims against Respondents Wetzel and Marsh should be dismissed based on lack of personal involvement. Second, Respondents argue Petitioner's tort claim should be dismissed because Respondents are protected by sovereign immunity. Third, Petitioner's due process claim should be dismissed because the Court does not have

3

jurisdiction over the grievance process and Petitioner availed himself of the grievance process. Finally, Petitioner's equal protection, negligence and retaliation claims should be dismissed because he failed to state a claim upon which relief may be granted.

Petitioner answered the POs. Shortly thereafter, Petitioner notified this Court that he was released from incarceration. As a preliminary matter, we address whether any of his claims are now moot based on his released status. *Battiste v. Borough of East McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014) (holding Court may *sua sponte* raise the issue of mootness).

## II. Mootness

"[W]here there are intervening changes in the factual circumstances of a case which eliminate an actual controversy and make it impossible to grant the requested relief, the legal question is rendered moot . . . ." *Johnston v. Lehman*, 676 A.2d 1287, 1289 (Pa. Cmwlth. 1996). "Under the mootness doctrine, an actual case or controversy must exist at all stages of review, not just when the [petition for review] is filed." *Finn v. Rendell*, 990 A.2d 100, 104-05 (Pa. Cmwlth. 2010). "The existence of a case or controversy requires a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication . . . ." *Id*. at 105 (internal citation and quotation omitted). As our Pennsylvania Supreme Court explained:

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome.

4

*Pap's A.M. v. City of Erie*, 812 A.2d 591, 599-600 (Pa. 2002) (citation omitted). Absent an actual controversy, any opinion rendered would be purely advisory, which is not permitted. *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005); *Buehl v. Beard*, 54 A.3d 412, 419 (Pa. Cmwlth. 2012), *aff'd*, 91 A.3d 100 (Pa. 2014).

Because Petitioner was released from prison, his claims seeking declaratory relief based on alleged violations of his constitutional rights are now moot. *See Harris v. Rendell*, 982 A.2d 1030, 1036 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010) (holding an inmate's claims for declaratory relief became moot upon his release from prison); *Hayes v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 90 M.D. 2017, filed March 26, 2018) (same);[2] *see also In re Gross*, 382 A.2d 116, 120 (Pa. 1978) (holding "[c]onstitutional questions are not to be dealt with abstractly"). Similarly, Petitioner's claims for injunctive relief to enjoin certain Respondents from retaliating against him are also moot because he is no longer under their care and supervision. We, therefore, dismiss Petitioner's due process, equal protection, and retaliation claims as moot.

The only remaining claims are his tort claims. Therefore, we address Respondents' POs applicable to these claims.

### III. POs

In ruling on POs, "we accept as true all well-pleaded material allegations . . . and any reasonable inferences that we may draw from the

---

[2] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

5

averments." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013). However, we are not required to accept as true "legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* For this Court to sustain POs, "it must appear with certainty that the law will permit no recovery[.]" *McCord v. Pennsylvania Gaming Control Board*, 9 A.3d 1216, 1219 (Pa. Cmwlth. 2010). If there is any doubt, this Court should overrule the POs. *Id.* This Court "may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong*, 67 A.3d at 170. We address each PO in turn.

## A. Sovereign Immunity[3]

Respondents assert that Petitioner's tort claims should be dismissed because Respondents are protected by sovereign immunity with respect to any intentional tort claims raised because the acts complained of were committed within the scope of their duties.

Generally, sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability. 1 Pa. C.S. §2310; *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013). Sovereign immunity has been waived in limited situations involving the negligence of a Commonwealth official or employee acting within the scope of his employment.

---

[3] Under Pa.R.Civ.P. 1030(a), the assertion of immunity is an affirmative defense that must be pled in a responsive pleading as new matter. However, courts allow an exception where the defense is "clearly applicable on the face of the complaint." *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (citation omitted). Where the petitioner does not object to a PO that raises sovereign immunity, this Court may rule on the sovereign immunity issue. *Id.*; *see Smolsky v. Pennsylvania General Assembly*, 34 A.3d 316, 321 n.7 (Pa. Cmwlth. 2011) (holding that courts have ruled on POs raising sovereign immunity where a petitioner did not object to improper procedure).

6

Section 8522 of the Judicial Code, 42 Pa. C.S. §8522; *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). However, immunity is not waived for intentional torts. *See La Frankie*, 618 A.2d at 1149.

Sovereign immunity does not apply to "claims for damages caused by . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency." 42 Pa. C.S. §8522(b)(3). Thus, actions for damages based on the prison employees' negligent handling of an inmate's personal property that is under their care, custody or control are not barred by sovereign immunity. *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007).

Here, although some of Petitioner's averments asserted intentional conduct of Respondents acting within the scope of employment, *see* Second Amended PFR, ¶¶43, 55, his allegations regarding damage to his personal property sound primarily in negligence. Specifically, Petitioner alleged that Respondents Clouser and Smith, acting within the course and scope of their duties, "negligently performed their duties," and negligently handled his personal property, and that their "negligent actions . . . led to the destruction and the loss" of his personal property. *Id.*, ¶¶2, 44, 56. Although Petitioner alleged that Respondents Clouser and Smith entered his "cell with the intent to deface" his cell, he alleged that, "in the process," they "negligently caused damage to [his] [television] antenna." *Id.*, ¶55. Finally, he alleged that these Respondents breached their duty to handle Petitioner's property "without being negligent" and that their "negligent actions have led to the destruction and the loss" of his personal property during the course of their employment. *Id.*, ¶44.

7

Sovereign immunity does not provide a defense where an inmate alleges negligence resulting in damage to property in the care, custody, or control of prison employees. Because Petitioner's tort claim sounds primarily in negligence, it falls within the exception to sovereign immunity. Insofar as Petitioner attempts to plead claims for an intentional tort, such claims are barred by sovereign immunity. Thus, we sustain Respondents' POs with respect to the intentional tort.

**B. Failure to State a Negligence Claim**

Finally, Respondents assert that Petitioner's negligence claim against Respondents should be dismissed for failure to state a claim upon which relief may be granted. To establish a cause of action in negligence, Petitioner "must demonstrate that the [prison employees] owed a duty of care to [him], [prison employees] breached that duty, the breach resulted in injury to [the petitioner], and [the petitioner] suffered an actual loss or damage." *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." *Id*. "The mere occurrence of an accident does not establish negligent conduct." *Id*. "Rather, [the petitioner] has the burden of establishing, by a preponderance of the evidence, that the [prison employees] engaged in conduct that deviated from the general standard of care expected under the circumstances, and that this deviation proximately caused actual harm." *Id*. As discussed above, an inmate's claim for loss of his personal property, while under the care, custody, or control of prison employees, that is based on negligence is not barred by sovereign immunity. 42 Pa. C.S. §8522(b)(3); *Williams*, 917 A.2d at 918.

8

With regard to the negligence claim against Respondents Clouser and Smith, Petitioner alleged that they owed him a duty to handle his lawfully possessed personal property without negligence pursuant to Department policy, DC-ADM-203.[4] Second Amended PFR, ¶¶2, 44. Petitioner further alleged that they breached that duty when they searched his cell looking for contraband and negligently damaged his personal property in the process. *Id.*, ¶¶24, 25, 27, 28, 56. Specifically, he described that his cell was "desecrated" following their search. *Id.*, ¶27. Petitioner alleged that his property was mixed with his cellmate's property; there was water and coffee spilled on the floor and desk; and "piles of property" were "everywhere wet with coffee and/or water." *Id*. Upon assessing his cell following the search, he discovered that his television antenna and cord and personal photographs were damaged, and his razor was missing. *Id.*, ¶¶27, 28. Upon review, Petitioner has sufficiently pled a negligence claim against Respondents Clouser and Smith, which is not barred by sovereign immunity. Thus, we overrule this PO with regard to Respondents Clouser and Smith.

Insofar as Petitioner attempts to state a negligence claim against the remaining Respondents, Wetzel, Marsh, Burd and Flaherty, his claim falls short. A review of Petitioner's Second Amended PFR reveals that Petitioner has not asserted that these Respondents engaged in negligent conduct that caused harm to his property. Thus, we sustain Respondents' PO, in part, and dismiss the negligence claim against Respondents Wetzel, Marsh, Burd, and Flaherty. Because there are

---

[4] We may take judicial notice of the Department's policies found on its website at: https://www.cor.pa.gov/About%20Us/Pages/DOC-Policies.aspx. (Last visited March 13, 2024). *Figueroa v. Pennsylvania Board of Probation and Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006). The policy on searches of inmate's cells provides that, "[d]uring a cell search, all precautions will be taken to avoid damage to any items." Section 1.B.1.b of DC-ADM-203.

no other viable claims against these same Respondents, we dismiss them from this action entirely.

## IV. Jurisdiction

The only surviving claim is Petitioner's negligence claim against Respondents Clouser and Smith seeking monetary damages, which presents a jurisdictional impediment for this Court. *See Williams v. Wetzel*, 232 A.3d 652, 654 (Pa. 2020) (holding the Court may raise the issue of jurisdiction *sua sponte*).

Section 761(a) of the Judicial Code provides, in relevant part:

> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> * * * *
>
> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. §761(a)(1)(v). Furthermore, "[t]o the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa. C.S. §761(c).

"An action in trespass . . . lie[s] 'for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant.'" *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (quoting Black's Law Dictionary 1674 (4th

rev. ed. 1968)). Actions in the nature of trespass are expressly excluded from our original jurisdiction. 42 Pa. C.S. §761(a)(1)(v). Simply stated, "this Court lacks original jurisdiction over tort actions for money damages . . . ." *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004). "[A]ll actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability . . . are properly commenced in the courts of common pleas." *Stackhouse v. Commonwealth*, 832 A.2d 1004, 1008 (Pa. 2003); *see* Pa. Const. art. 5, §5(b) (our courts of common pleas "hav[e] unlimited original jurisdiction in all cases except as may otherwise be provided by law").

Lacking jurisdiction over this claim, we shall transfer this matter to the proper tribunal. Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a) (providing that this Court shall not dismiss an erroneously filed matter for lack of jurisdiction but shall transfer the case to the proper tribunal); *see, e.g.*, *Mayo v. Secretary of Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 479 M.D. 2018, filed December 9, 2020); *Prater v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 392 M.D. 2018, filed July 10, 2019). Because Petitioner's action is based upon alleged incidents occurring in Centre County, this Court shall transfer the matter to the Centre County Court of Common Pleas.

## V. Conclusion

Accordingly, based on the foregoing, we dismiss Petitioner's equal protection, due process, and retaliation claims as moot based on Petitioner's released status. We sustain Respondents' sovereign immunity PO only insofar as intentional torts were pled. We sustain Respondents' PO for failure to state a negligence claim against Respondents Wetzel, Marsh, Burd, and Flaherty and dismiss them from this

11

suit. Otherwise, we overrule Respondents' PO for failure to state a negligence claim against Respondents Clouser and Smith. In sum, the only surviving claim is the negligence claim against Clouser and Smith seeking monetary damages, over which this Court lacks original or ancillary jurisdiction. Accordingly, insofar as Petitioner's Second Amended PFR states a viable negligence claim against Respondents Clouser and Smith, we transfer the matter to the Centre County Court of Common Pleas.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louie C. Velez,                          :
                                         :
              Petitioner                 :
                                         :
       v.                                :  No. 651 M.D. 2020
                                         :
John E. Wetzel, Sec. of Corr';           :
Dr. Robert J. Marsh, Jr., Supt. -SCI     :
Benner Township; Jacqueline A.           :
Burd, Facility Grievance Coord.;         :
C/O I Clouser; and C/O I Smith,          :
and Sgt. Flaherty,                       :
                                         :
              Respondents                :

# **O R D E R**

AND NOW, this 14<u>th</u> day of <u>March</u>, 2024, Petitioner's Second Amended Petition for Review (Second Amended PFR) is DISMISSED AS MOOT, in part, with respect to Petitioner's equal protection, due process, and retaliation claims seeking declaratory and injunctive relief; Respondents' preliminary objections (POs) in the nature of demurrers to the Second Amended PFR are OVERRULED, in part, with respect to the negligence claim against Respondents Clouser and Smith; and Respondents' remaining POs are SUSTAINED, in accordance with the foregoing opinion. Respondents Wetzel, Marsh, Burd, and Flaherty are dismissed from this action.

The Second Amended PFR is hereby TRANSFERRED to the Centre County Court of Common Pleas for lack of jurisdiction. The Commonwealth Court

Prothonotary shall transmit the record of the above-captioned proceedings to the Prothonotary of Centre County Court of Common Pleas, together with a copy of this opinion and order, as well as a copy of this matter's docket entries.

_____
MICHAEL H. WOJCIK, Judge

2